UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALLIED TRUST INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 22-2082-WBV-KWR |
| CLAY RAYMOND, SR. | SECTION: D (4) |

### ORDER and REASONS

Before the Court is a Motion to Dismiss as Moot Under Fed. R. Civ. P. 12(b)(1), filed by defendant, Clay Raymond, Sr.[1] Raymond asserts that the Complaint for Declaratory Judgment to Compel Appraisal as to All Coverages and Appoint an Umpire[2] filed by plaintiff, Allied Trust Insurance Company ("Allied"), should be dismissed as moot under Fed. R. Civ. P. 12(b)(1) because the parties are participating in the appraisal process and "there is clearly no relief requested in the Complaint that this Court can now grant which hasn't already occurred or otherwise been acknowledged, provided or performed."[3] Allied opposes the Motion, asserting that it should be denied because: (1) the relief sought in its Complaint has not been satisfied; (2) Defendant has invoked the subject matter jurisdiction of this Court through his Counterclaim; and (3) complete relief cannot be granted until all proper parties and their counsel are disclosed.[4] Raymond has filed a Reply, addressing some of the arguments made by Allied in its Opposition brief.[5]

---

[1] R. Doc. 12.
[2] R. Doc. 1.
[3] R. Doc. 12-1 at p. 3.
[4] R. Doc. 15.
[5] R. Doc. 23.

Under Fed. R. Civ. P. 12(b)(1), the Court may dismiss a complaint if it lacks jurisdiction over the subject matter.[6] Motions to dismiss under Rule 12(b)(1) are viewed with disfavor in this Circuit and are rarely granted.[7] With that in mind, after careful consideration of the parties' memoranda and the applicable law, and accepting all well-pleaded facts as true and viewing those facts in the light most favorable to Allied, as the Court is bound to do,[8] the Court finds that Raymond's Motion to Dismiss must be denied. To the extent Raymond seeks dismissal of the original Complaint filed on July 7, 2022,[9] the Motion is denied as moot because Allied subsequently filed a First Amended Complaint for Declaratory Judgment, at the request of the Court, on July 18, 2022.[10] Further, to the extent Raymond's Motion can be construed as seeking dismissal of the First Amended Complaint for Declaratory Judgment, the Court specifically finds that, for the reasons stated in Allied's Opposition brief,[11] the allegations in Allied's First Amended Complaint for Declaratory Judgment are sufficient to show that this Court has subject matter jurisdiction over Allied's claims.

---

[6] *See*, Fed. R. Civ. P. 12(b)(1).
[7] *Smith v. Gusman*, Civ. A. No. 06-4121, 2007 WL 2407304, at *4 (E.D. La. Aug. 20, 2007) (Engelhardt, J.) (citing *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997)).
[8] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).
[9] R. Doc. 1. *See*, R. Doc. 12 at p. 1 & R. Doc. 12-1 at p. 1.
[10] R. Doc. 7.
[11] R. Doc. 15.

Accordingly,

**IT IS HEREBY ORDERED** that Raymond's Motion to Dismiss as Moot Under Fed. R. Civ. P. 12(b)(1)[12] is **DENIED**.

New Orleans, Louisiana, November 10, 2022.

*Wendy B Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[12] R. Doc. 12.